# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTH DISTIRCT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AVERY LEE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| CHARLES HUGHES, ) | |
| CLIFFORD JOSEPH HARRIS, JR., ) | JURY TRIAL REQUESTED |
| JOHN AND JANE DOES 1 ) | |
| THROUGH 10, AND ) | |
| JOHN DOE CORPORATIONS 1 ) | |
| THROUGH 10, ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

## COMPLAINT TO PIECE THE CORPORATE VEIL

NOW COME, Plaintiff, Avery Lee, and hereby file this action to pierce the corporate veil. Plaintiff states the following as his Complaint in this matter:

**I.  JURISDICTION AND VENUE**

1.

On May 5, 2016 Plaintiff obtained a Judgment against Scales 925 Atlanta, LLC ("Scales") for violations to the Fair Labor Standards Act ("FLSA") of 1938, 29 U.S.C. §201 *et seq.*, and also obtain a Judgment against Scales for attorneys fees on December 16, 2016.

2.

Supplemental Jurisdiction is conferred upon this Court by 28 U.S.C. § 1367, having the authority to adjudicate a claim, on the basis of that claims connection to a related claim over which this Court does have jurisdiction.

3.

This Court has jurisdiction to the underlying and related claim, giving rise to the Judgment, by virtue of 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, that action arising under the laws of the United States, and by 28 U.S.C. §1337, that action arising under an act of Congress regulating commerce.

4.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

**II. PARTIES**

5.

Plaintiff is an adult resident of DeKalb County, Georgia.

6.

Upon information and belief, Defendant Charles Hughes ("Hughes") is an adult residence of Fulton County.

7.

Upon information and belief, Defendant Clifford Joseph Harris, Jr. ("Harris") is an adult residence of Clayton County.

8.

Upon information and belief, Defendants John and Jane Does 1 through 10 are individuals whose names and addresses of residences are unknown but have an ownership interest in Scales 925 Atlanta, LLC and likewise engaged in the fraudulent conduct, conversion, and disregard for the corporate form as set forth herein.

9.

Upon information and belief, Defendants John Doe Corporations 1 through 10 are corporations, the names and addresses of residences of which are unknown but have an ownership interest in Scales 925 Atlanta, LLC and likewise engaged in the fraudulent conduct, conversion, and disregard for the corporate form as set forth herein.

### III. FACTUAL ALLEGATIONS

10.

Scales 925 Atlanta, LLC, was a domestic Limited Liability Corporation registered in the State of Georgia, with a principal place of business located at 30 Ivan Allen

Jr. Boulevard, Atlanta, Georgia 30308 formed on January 20, 2015 and administratively dissolved on December 7, 2016.

11.

The Venue Restaurant Corp. ("Venue") is a domestic Limited Liability Corporation registered in the State of Georgia with a principal place of business located at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.

12.

Venue signed a lease agreement with Forward One Atlanta, LLC to rent property located at 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308. *See* lease agreement, attached hereto as Exhibit 1.

13.

On or about December 1, 2014, Venue entered into a contract with Harris and Hughes. *See* contract, attached hereto as Exhibit 2.

14.

Harris signed the contract with Venue through his alter ego of himself as the CEO of The Royal Group, which was never properly registered as an Limited Liability Company in the State of Georgia. The contract is for Harris and Venue to operate a restaurant at 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308.

15.

Hughes signed the contract with Venue through his alter ego of himself as

the CEO of Encore. The contract is for Hughes and Venue to operate a restaurant at 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308.

16.

Harris registered "SCALES 925" as a trademark with the United States Patent and Trademark Office in 2015. Harris's registration stated that the goods and service for the trademark is for cocktail lounge and restaurant services. "SCALES 925" represents Harris' birthday and zodiac sign. *See* Scales 925 trademark, attached hereto as Exhibit 3.

17.

Venue assigned the lease to 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308 to Harris and Hughes.

18.

Harris authorizes Venue to request a business license and liquor license from the City of Atlanta under his trademark Scales 925.

19.

The City of Atlanta issued a business license and liquor license to Venue as Venue RESTS CORP/DBA SCALES 925. *See* business license and liquor license, attached hereto as Exhibit 4.

20.

On April 1, 2015, Harris, Hughes, Scales Management LLC, Venue, and

Scales 925 Atlanta opened a restaurant at 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308. The restaurant operated under the trademark resisted by Harris.

21.

Hughes, based upon information and belief, was an owner of Scales 925 Atlanta, LLC and was a manager of Scales 925 Atlanta, LLC. At all times relevant to this Complaint, Hughes served as a supervisor, managed the day-to-day operation of the business, had responsibility for the supervision of the employees, had hiring and firing authority, made compensation decision, and set and enforced compensation and related policies for Scales 925 Atlanta, LLC.

22.

Harris, based upon information and belief, is an owner of Scales 925 Atlanta, LLC. At all times relevant to this Complaint, Harris had responsibility for the supervision of the employees, had hiring and firing authority, made compensation decision, and set and enforced compensation and related policies for Scales 925 Atlanta, LLC.

23.

During Plaintiff's employment with Defendant as an hourly employee, Defendant willfully and knowingly failed to fully compensate Plaintiff for all hours worked at both the straight time and overtime for those house worked in excess of forty (40).

24.

Harris and Hughes are business partners on multiple fronts. Harris and Hughes' partnerships have been ongoing for ten years. Harris has admitted to his partnership with Hughes via an Instagram post in or around August 2016. Harris stated that he and Hughes were no longer partners in any capacity other than the partnership in Scales 925. *See* Harris' Instagram post, attached hereto as Exhibit 5.

25.

The website identified Harris as the Co-Founder/Principal of the restaurant. *See* Exhibit 6.

26.

Harris made decisions for the restaurant regarding what entrees are sold on the restaurant's menu; Harris' name appeared at the top of the menu, Harris made decisions as to the layout and look of the restaurant; Harris personally promoted the restaurant; and Harris selected the head chef or chefs for the restaurant.

27.

Harris and Hughes shared equal and joint responsibility and authority at the restaurant. Both had the authority to determine the pay rates or the methods of payment of the employees. Both have the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers.

28.

Hughes, as well as Harris, created the companies Scales 925 Atlanta, and Scales 925 Atlanta management, LLC. Hughes and Harris has used both companies as an alter ego. Hughes used Scales 925 Atlanta Management LLC to pretend to withdraw payroll tax for employees working at SCALES 925.

29.

Hughes did not pay payroll tax to the state of Georgia. Hughes used Scales 925 Atlanta Management, LLC to create bank accounts for payroll. However, Hughes would deposit money from SCALES 925 into his personal account resulting in payroll checks bouncing.

30.

At all relevant and material times, Harris, Hughes, Venue, Scales 925 Atlanta, and Scales 925 Atlanta Management, LLC were business partners doing business under the trademark SCALES 925. They shared the profits from the restaurant.

31.

As was established in the matter of *Lee v. Scales 925 Atlanta,* LLC, civil action number 1:15-cv-04127-ELR, during Plaintiff's employment with Scales as an hourly employee, Scales willfully and knowingly failed to fully compensate Plaintiff for all hours worked at both the straight time and overtime for those house worked in excess of forty (40).

32.

Upon information and belief, Hughes used the money that was owed for payroll taxes and to Plaintiff for the hours worked for his own personal gain and use.

33.

Hughes and Harris had control over the Scales, and they exerted such domination over its policies, finances and business practice, that Scales did not have an identity independent of Hughes and Harris. Upon information and belief, Hughes treated the Scales' bank account as his own, and he operated Scales as his alter ego.

34.

Upon information and belief, Hughes and Harris as the two Principals of Scales, Mr. did not conduct stockholder or director meetings, did not obtain corporate resolutions for financing, employment, compensation and other matters and did not observe corporate formalities required by the laws of the state of Georgia.

35.

As the financial condition of Scales began to decline, Scales was unable to pay its obligations, including the Landlord and its employees. Nevertheless, upon information and belief, Hughes and Harris continued to pay themselves and to take

profits.

36.

The extravagant expenditures by Hughes and Harris in up-fitting the premises for Scales, and upon information and belief, Hughes and Harris in paying for their own personal luxuries with corporate funds and continuing to pay themselves unreasonably high salary, while concealing the insolvency of Scales, drove Scales to financial ruin and administratively dissolve after Judgment was entered against it in *Lee v. Scales 925 Atlanta, LLC*, civil action number 1:15-cv-04127-ELR.

37.

Hughes and Harris as the Principals, of Scales, owed a statutory and common law fiduciary duty to Scales:

(a) to act in good faith and to remain loyal and act with the care an ordinary person of like position would exercise under similar conditions;

(b) to act in a manner reasonably believed and calculated to be in the best interest of Scales;

(c) to refrain from breaching the position of trust given by Scales and violating fiduciary obligations; and

(d) to not favor their own interest or personal concerns at the expense and to the detriment of Scales, its employees and its creditors.

38.

Hughes and Harris have failed to adhere to the standards of fiduciary conduct and have breached such standards of fiduciary conduct as set forth in the common law of Georgia and by applicable statutes, including Title 14 of the Georgia Code. Hughes and Harris knew or should have known that their actions would cause damage to Scales.

39.

The actions taken by Hughes and Harris, when they knew or should have known that their actions would and did cause harm to Scales, include:

(a) misconduct, mismanagement and neglect of duty on the part of Hughes and Harris in the failure to perform their duties in good faith, in the best interest of Scales, and with the care, skill and diligence required of them;

(b) unlawful diversion of the funds of Scales, in violation of the positive legal duties Hughes and Harris owed Scales, for their own personal interest:

(c) operation of the Debtor by Hughes and Harris as a mere instrumentality or alter ego, such that the Debtor had no separate mind, will or existence of its own, and causing proximate harm to Scales;

(d) failure to use the corporate assets of Scales in an informed, good faith effort to maximize the Scales' long-term health;

(e) acting solely in the self-interest of Hughes and Harris and for their

benefit, with no benefit whatsoever to Scales;

(g) deepening the insolvency of the Scales by (1) acting in reckless disregard of its deteriorating financial condition; (2) taking actions which Hughes and Harris knew or should have known would escalate Scales' financial problems; (3) fraudulently expanding corporate debt by causing it to continue to incur debt which it could not pay to the detriment of Scales; (5) diverting huge sums of money from Scales for the benefit of Hughes and Harris in a period of perilous financial condition; and (6) prolonging the life of Scales for the sole purpose of the misappropriation of funds by Hughes and Harris; knowingly and intentionally converting withheld payroll taxes and payroll which belonged to the State of Georgia and the employees respectively Hughes and Harris' own personal use and benefit; and

(h) failing to control expenses relating to salaries, professional fees, equipment and other aspects of operations.

40.

Harris and Hughes' conduct was wrongful, willful and in conscious indifference and disregard for the consequences of his actions.

41.

Hughes and Harris owed Scales a duty of care, loyalty, honesty, good faith, and fair dealing. Hughes and Harris exercised complete control over Scales, they

took advantage of their relationship with Scales for their own personal gain when they continued to pay themselves excessive salaries, taking corporate profits, and using funds that could otherwise have been used to pay on-going obligations of Scales and prevent its financial demise.

42.

Hughes and Harris took advantage of their fiduciary relationship with Scales and their position of trust to further their own personal interest, which constitutes constructive fraud. Scales was harmed by the diminution of funds, diverted by Hughes and Harris for their salary and other distributions, which could otherwise have been used to maintain the financial health of Scales.

43.

Hughes and Harris owed a duty to Scales to preserve and protect its assets from undue waste or loss and to maximize its long-term financial health.

44.

Hughes and Harris committed waste of the corporate assets by virtue of the following:

(a) failing to control expenses relating to salaries, professional fees, equipment and other aspects of operations;

(b) failing to develop any kind of financial or operational business plan when Scales became insolvent to ensure its survival;

(c) paying themselves an excessive salary when Scales was losing money;

(d) failing to pursue less expensive rental space at a time when reduced rental rates could possibly have saved Scales;

(e) acting in reckless disregard of the deteriorating financial condition of Scales; and

(f) taking actions which Hughes and Harris knew or should have known would escalate Scales' financial problems.

## Count I – Piercing the Corporate Veil

45.

The allegations contained in Paragraphs 1 through 44 are re-alleged and incorporated by reference, as if fully set forth herein.

46.

Hughes and Harris exercised complete control and domination of the finances, policy and business practices of Scales to such an extent that Scales had no separate mind, will or existence of its own.

47.

Corporate formalities were not observed.

48.

In their position as the Principals, president and executive director, Hughes and Harris treated Scales' bank account as their own, and siphoned funds for their

own benefit.

49.

The aforesaid control was used by Hughes and Harris to commit violations of their statutory duty to Scales, and it resulted in significant loss to Scales from the reckless and wasteful spending of Hughes and Harris, the funds that they diverted from Scales to pay themselves.

50.

Scales was operated as the alter ego of Hughes and Harris, and the corporate entity should be disregarded and Scales and Hughes and Harris treated as one and the same person for purposes of liabilities incurred by Scales.

51.

Hughes and Harris used their positions to perpetrate a fraud and convert funds for their own personal use that were withheld for payroll taxes.

52.

Hughes and Harris used their positions to perpetrate a fraud and convert funds for their own personal rather than to pay their employees for hours worked, including those sums owed to Plaintiff.

53.

The breach of fiduciary duty, the acts of conversion and fraud committed by Hughes and Harris constitute torts for which an officer of a corporation is

individually liable. As such, there are sufficient grounds, in and of themselves, for disregarding the corporate form of Scales and extending personal liability to Hughes and Harris for corporate obligations.

Respectfully submitted, this 25th day of May, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295