IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTIRCT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AVERY LEE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 1:17-cv-01918-ELR |
| CHARLES HUGHES, | ) | |
| CLIFFORD JOSEPH HARRIS, JR., | ) | JURY TRIAL REQUESTED |
| QUINTON MORGAN, | ) | |
| CLAYBORNE EVANS, | ) | |
| CARL D. NEAL, SCALES 925 | ) | |
| ATLANTA, LLC, SCALES 925 | ) | |
| ATLANTA MANAGEMENT, LLC, | ) | |
| THE ENCORE GROUP, LLC, AND | ) | |
| THE ROYAL GROUP, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
<u>MOTION TO AMEND THE COMPLAINT</u>**

NOW COMES Plaintiff, Avery Lee pursuant to the Federal Rule of Civil Procedure 15(a)(2) and the Local Rules of this Court, hereby file this Memorandum in Support of his Motion to Amend the Complaint.

**I. SUMMARY OF ARGUMENT**

Plaintiff respectfully requests that this Court **Grant** his Motion to Amend his Complaint perfect the same. The Court should grant this motion pursuant to

Federal Rule of Civil Procedure 15(a)(2), the motion is not the product of undue delay, bad faith and/or a dilatory motive.  Rather, this case is in its infancy and all parties will have adequate time to discover facts relevant.

### III.  ARGUMENT

#### A.  Standard of Review

Federal Rule of Civil Procedure 15(a)(2) states in the relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  The decision to grant a motion to amend is within the Court's discretion, but a "court should freely give leave when justice so requires." *Id*.  Permission from the Court for a plaintiff to amend the Complaint may be denied only in cases where there is undue delay, bad faith or dilatory motive on the part of the moving party. *Foman v. Davis*, 371 U.S. 178 at 182 (1962).  In determining whether to grant a motion to amend a complaint, the court will consider a number of factors:  repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and the futility of the amendment. *Id*, *see also Carruthers v. BSA Advertising, Inc.* 357 F.3d 1213, 1217 (11th Cir., 2004).  The Court considers these factors and balances the same against the potential prejudice to the defendant(s). *Id*.  "If the underlying facts or circumstances relied upon by a

plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman* at 182 *supra*. The Eleventh Circuit has recognized that a denial of a motion to amend a pleading is permissible and not an abuse of discretion where granting the motion will cause undue delay in resolve the matter before the Court or where granting the motion would be futile. *Johnson v. Kendrick*, 2006 U.S. Dist. LEXIS 54929 (M.D. Ga., 2006). Absent the finding of these circumstances, the Court should grant the moving party's motion. *Id*.

The Court is not required to follow the parameters of Fed. R. Civ. P. 15(a)(2), in the event that a plaintiff moves to amend the complaint after a deadline set pursuant to Fed. R. Civ. P. 16(b)(4) has passed. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir., 1998). In the event that a party moves to amend after this time, the complaint can be amended only with good cause and with the judge's consent. *Id*.

Plaintiff's motion is brought in good faith, promotes judicial economy, and will not prejudice the Defendants. As such, the Court is free to grant Plaintiff's motion.

> **B. Plaintiff's Motion is brought in good faith and promotes judicial economy.**

The Plaintiff seeks to amend the Complaint to include an additional claims discovered through post judgment discovery and to perfect his complaint. Plaintiff

is seeking to reach new discovered assets, undue fraudulent transfers, and to address liability, where the Defendant Scales 925, LLC has not observed the corporate formalities. Such commonality and overlap promotes judicial economy, as it will allow the Court to permit the amendment and resolve the claims without duplicating pleading and testimony. By permitting the addition of the Cliams, the Court will be able to dispose of the cases without needlessly duplicate testimony and wasting the Court's resources.

### C. Plaintiff's Motion will not prejudice the Defendants and will not delay the proceedings.

Plaintiff seeks to amend the Complaint at the initial pleading stage of this Complaint. The parties have not initiated discovery. As such, the Defendants will be afforded a full opportunity to engage in discovery to discover facts relevant.

## III. CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Plaintiff respectfully requests that this Court **GRANT** the Plaintiff's Unopposed Motion to Amend and allow Plaintiff to file his Second Amended Complaint attached herewith as Exhibit A.

Respectfully submitted, this 29th day of August, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

315 West Ponce de Leon Avenue
Suite 380
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTIRCT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| AVERY LEE,        )  | |
|                   )  | |
|   PLAINTIFF,  )  | |
|                   )  | |
| v.                )  | CIVIL ACTION NO.: |
|                   )  | 1:17-cv-01918-ELR |
| CHARLES HUGHES,   )  | |
| CLIFFORD JOSEPH HARRIS, JR., ) | JURY TRIAL REQUESTED |
| QUINTON MORGAN,   )  | |
| CLAYBORNE EVANS,  )  | |
| CARL D. NEAL, SCALES 925 ) | |
| ATLANTA, LLC, SCALES 925 ) | |
| ATLANTA MANAGEMENT, LLC, ) | |
| THE ENCORE GROUP, LLC, AND ) | |
| THE ROYAL GROUP,  )  | |
|                   )  | |
|   DEFENDANTS. )  | |
| _____ ) | |

## **CERTIFICATE OF SERVICE**

    THE UNDERSIGNED counsel for Plaintiff hereby certifies that this day he caused the foregoing **Plaintiff's Memorandum in Support of his Motion to Amend The Complaint** to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an electronic mail notification of such filling sufficient to constitute service to counsel of record:

| | |
|---|---|
| Deirdre M. Stephens-Johnson<br>The Law Office of Deirdre M. Stephens-Johnson, LLC<br>4567 Rockbridge Rd. #1537<br>Pine Lake, GA 30072<br>dsjohnsonlaw@gmail.com | Albert A. Chapar, Jr., Esq.<br>The Chapar Firm, LLC<br>917 Railroad Street<br>Conyers, Georgia 30012<br>achapar@chaparlaw.com |

Respectfully submitted, this 29th day of August, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

<u>*/s/ Frank DeMelfi*</u>
Frank DeMelfi, Esq.
Georgia Bar No. 320128