UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AVERY LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:17-cv-01918-ELR |
| CHARLES HUGHES, CLIFFORD ) | |
| JOSEPH HARRIS, JR., QUINTON ) | |
| MORGAN, CLAYTON EVANS, ) | |
| CARL D. NEAL, SCALES 925 ) | |
| ATLANTA MANAGEMENT, LLC ) | |
| THE ENCORE GROUP, LLC, AND ) | |
| THE ROYAL GROUP, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS CLIFFORD JOSEPH HARRIS AND
THE ROYAL GROUP'S REPLY TO PLAINTIFF'S RESPONSE
TO THE MOTION TO DISMISS THE COMPLAINT
AGAINST CLIFFORD JOSEPH HARRIS, JR. AND THE ROYAL GROUP
DUE TO LACK OF SUBJECT MATTER JURISDICTION**

COME NOW, Defendant Clifford Joseph Harris, Jr. and the Royal Group ("Movants") and file this Reply to Plaintiff's Response to Motion to Dismiss the Complaint against Clifford Joseph Harris, Jr. and the Royal Group due to Lack of Subject Matter Jurisdiction, showing this Court as follows:

1

Movants have moved to dismiss the Amended Complaint at Doc 7. Movants cited Peacock v. Thomas, 516 U.S. 349 (1996) to show that this Court does not have subject matter jurisdiction over this case, as efforts to hold new defendants including Movants liable for a prior judgment in a prior federal court case does not meet the criteria for supplemental jurisdiction. In his Response Brief (Doc. 14), Plaintiff does not contest that this court does not have supplemental jurisdiction over the case as it now exists in this Court. Rather, he asserts that, "Plaintiff has moved to amend his Complaint to incorporate two newly discovered cause [sic] of action, i.e., fraudulent conveyance and a prayer for attachment and vesting title" and asserts that "these cause [sic] provide the Court with Subject Matter Jurisdiction." Id., at p. 2.

Movants therefore have two pleadings to which rejoinders of some kind are either required or authorized. One is a reply to the Plaintiff's Response to Defendants' original Motion to Dismiss (said Response is Doc 14), and the other is a response to Plaintiff's Motion to Amend the Complaint (Doc 12). This is the reply, but the issues are the same for both.

I. ARGUMENT

The Proposed Second Amendment at Doc 12-2 would not and thus does not save Plaintiff's case. District courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the

amendment would prejudice the defendant, follows undue delay or is futile." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). "Denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)). The principle applies now.

The proposed Second Amended Complaint is a paradigm of the shotgun pleading. It asserts a collection of allegations from paragraph 18 to paragraph 58 which contain a litany of allegations often directed to all "Defendants." Some, like paragraphs 31-36, seem to invoke the Fair Labor Standards Act by making allegations that certain individuals were responsible for supervision of labor and that the Plaintiff was not paid. However, the action does not include an FLSA claim, so these allegations appear to be irrelevant and included for the purpose of inflaming this court.

Other allegations include that Hughes took entity money wrongfully (see, e.g., paragraph 43) although the relevance of this to Movants is unclear. Yet, another allegation is that the entity defendants did not "conduct stockholder or director meetings, did not obtain corporate resolutions for financing, employment, compensation or other matters and did not observe corporate formalities required by

the laws of the state of Georgia." (Id. at 43). Such allegations are irrelevant given that both entities are alleged to be limited liability companies, not corporations, and under the applicable Georgia statute at O.C.G.A. § 14-11-314:

> The failure of a limited liability company to observe formalities relating to the exercise of its powers or the management of its business and affairs is not a ground for imposing personal liability on a member, manager, agent, or employee of the limited liability company for liabilities of the limited liability company.

The Second Amended Complaint contains allegations of breaches of fiduciary duties at paragraphs including 51 through 57 and alleged "waste" at paragraph 58, even though no claim for breach of fiduciary duty or waste appears on the proposed amendment. Rather, following the shotgun allegations, Plaintiff proposes to assert three causes of action.

Count I is for Fraudulent Conveyance, and includes but five paragraphs, none of which identify a single corporate asset that was allegedly transferred to any Movant. Rather, in a paradigm of a conclusory pleading, it says that "Defendant Scales 925 made preferential payments to and transfers of real and personal property to the other Defendants in this action for the purpose of defrauding Plaintiff and delaying collection of the judgment."[1] (Id. at 61) Plaintiff then prays that "the Court

---

[1] Plaintiff does not define "Scales 925" in the Second Amended Complaint, and therefore, the Defendants are not sure which entity they are referring to.

4

enter an order entering judgment against the Defendant [sic] for the sums referenced herein" and "that aforesaid conveyance from Defendant Scales to the other Defendants be declared void and the judgment herein be declared a lien on said real and personal property."

Count II Demands an "Attachment and Vesting Title." The six paragraphs comprising Count II demands that this Court "enter an order against the Defendant Scales property for the sums referenced herein," that "the Court enter a judgment attaching and conveying Defendant Scales personal property", and that the Plaintiff "have judgment against the Defendant Scales for costs."

Count III is for piercing the veil.

Let us examine these claims. Movants will do so a bit out of order. Count II for Attachment and Vesting Title states no claim at all against any Movant. The usual procedure following a judgment is to execute against the property of the debtor though lawful agents to satisfy a judgment. Under Georgia law at O.C.G.A. 9-11-70, a decree for specific performance has the effect of being a conveyance when properly recorded. It is unclear what relief Plaintiff is requesting. He indicates that personal property in "excess of One Million Dollars" belonging to Scales 925 exists (see f.n 1 above), and he demands that this Court "enter a judgment attaching and conveying Defendant Scales personal property." However, this Court already has

power over Scales 925 Atlanta, LLC in the post judgment phase of the prior action filed by Lee.  No basis exists for its inclusion in this new lawsuit, but more critically, it supplies no jurisdiction over Movants.

Count III for Piercing the Corporate Veil is patently an effort to pin the judgment in the Prior Action upon new defendants without the assertion of any federal claim for them to defend. The prayers of Plaintiff included in Count III make clear that he seeks to impose personal liability upon Movants for the debts of the Scales 925 Atlanta, LLC. This is plainly barred by Peacock. Indeed, Peacock was decided upon an attempt by the plaintiff to bring a second suit for piercing the corporate veil to impose personal liability upon Movants. The prayers are the same:

1. That the Court enter an order allowing the piercing of the Corporate Defendant's corporate veil, and <u>finding that each of the individual Defendants personally liable for the obligations of the Corporate Defendant.</u>
2. That the Court enter such other and further relief as it deems just and proper; and
3. All reasonable costs and attorneys' fees pursuant to the FLSA.

(emphasis supplied)

The facts of Peacock's claim were essentially the same as those in the proposed Second Amended Complaint in this case:

> Thomas unsuccessfully attempted to collect the judgment from Tru-Tech. Thomas then sued Peacock in federal court, claiming that Peacock had entered into a civil conspiracy to siphon assets from Tru-Tech to prevent satisfaction of the ERISA judgment.  Thomas also

6

claimed that Peacock fraudulently conveyed Tru-Tech's assets in violation of South Carolina and Pennsylvania law. Thomas later amended his complaint to assert a claim for "Piercing the Corporate Veil Under ERISA and Applicable Federal Law

The Court made clear that these actions could not be invoked in a new action. Rather, "Ancillary jurisdiction may extend to claims having a factual and logical dependence on "the primary lawsuit," … but that primary lawsuit must contain an independent basis for federal jurisdiction. The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." The FLSA case was brought in the prior action and no federal claim exists in this case. Peacock could not be clearer:

> But once judgment was entered in the original ERISA suit, the ability to resolve simultaneously factually intertwined issues vanished. As in Kroger, "neither the convenience of litigants nor considerations of judicial economy" can justify the extension of ancillary jurisdiction over Thomas' claims in this subsequent proceeding.
>
> In this suit, Thomas alleged civil conspiracy and fraudulent transfer of Tru-Tech's assets, but, as we have noted, no substantive ERISA violation. The alleged wrongdoing in this case occurred after the ERISA judgment was entered, and Thomas' claims - civil conspiracy, fraudulent conveyance, and "veil-piercing" - all involved new theories of liability not asserted in the ERISA suit. Other than the existence of the ERISA judgment itself, this suit has little connection to the ERISA case.

Lest the Plaintiff argues that somehow the result should be different if the alleged wrongdoing occurred prior to the earlier case, the legal matter is unchanged.

7

Simply put, NO FEDERAL cause of action is asserted now, and the proposed Second Amended Complaint likewise does not assert any claim over which this Court has primary federal jurisdiction. A supplemental or ancillary claim must be ancillary to something, and that something has to exist in the SAME ACTION, not a prior one which is over. This principle is settled.

> We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment. Indeed, we rejected an attempt to do so in H. C. Cook Co. v. Beecher, 217 U.S. 497 (1910).

What is this action, other than an attempt to make the Movants answerable for the liability that was imposed upon another defendant in the prior action?

Count I is entitled Fraudulent Conveyance and thus potentially different. In National Maritime Services, Inc. v. Straub, 776 F. 3d 783 (11th Cir. 2015) the 11th Circuit affirmed the District Court's cognizance of a supplementary proceeding against Straub following a judgment by National Maritime against Burrell Shipping, owned by Straub. The Court made clear that under Peacock, no jurisdiction would exist to use a supplementary proceeding as a vehicle to impose personal liability against a new defendant. However, if a proceeding is limited to recovering property of the debtor that happens to be in the hands of another, i.e., to "disgorge [the third party] of a fraudulently transferred asset, not to impose personal liability for a

judgment on [the] third party," this Court has jurisdiction. While Movant believes this to be an incorrect interpretation of <u>Peacock (which plainly included claims for "fraudulent conveyances" within the ambit of its ruling)</u>, <u>National Maritime</u> is law in this Circuit at present.

Still, the principle of <u>National Maritime</u> is unavailing to Plaintiff because it does not apply here. In <u>National Maritime</u>, the Court allowed a claim for the disgorgement of <u>a specific asset</u> held by a third party, because that kind of claim did NOT invade the forbidden territory as defined by <u>Peacock</u>: employing a "supplemental proceeding" to impose liability for the original debt upon someone not a debtor in the actual federal action. The basic logic is plain: a creditor's hypothetical plea "that truck belongs to my debtor and we want it back from the third party to satisfy the existing judgment" is not an action to impose the actual debt upon the third party, but merely a vehicle to get particular property back. That was the case in <u>Maritime Services</u>.

However, Count I of the proposed amendment, while *denominated* "Fraudulent Conveyance," is not a claim for fraudulent conveyance. Rather, as a matter of substance, that Count is a not-so-thinly disguised veil piercing claim. The Plaintiff does NOT identify any particular asset that is in the hands of any particular Defendant. Rather, the Plaintiff offers many paragraphs of allegations that the

defendants (apparently collectively and acting in such unison that their actions are indistinguishable from one another) just mismanaged the business, paying themselves when they should have known that the business was failing, and should somehow just be liable for some unspecified damages sufficient to pay off Lee's judgment in the prior case.

Plaintiff invites this Court to try a case involving "breach of fiduciary duty," and apparent violations of the business judgment principle to hold the Defendants collectively liable to return that unspecified money. Consider what kind of discovery would ensue here: requests for everyone's financial records, tax returns, checks, and on and on, so that Plaintiff can raise the cost, the inconvenience and argue generally that every dollar that ever departed Scales 925 Atlanta was part of some broad and general "fraudulent conveyance." Plaintiff's pleadings are so broad as to suggest a complete review of every aspect of the business, including whether the restaurant, under financial stress, should have been relocated "to a less expensive rental space at a time when reduced rental rates could possibly have saved Scales." E.g., Proposed Second Amended Complaint, at 58(d).

In close connection, the proposed amendment should be denied on the ground that as constructed it is futile. The claim for fraudulent conveyance violates the principles of pleading set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell

Atlantic v. Twombly, 550 U.S. 554 (2007), which require that non-conclusory facts be laid out in the Complaint to establish the elements necessary for a particular cause of action and thus be "futile." Here, no defendant - and certainly not Movants - can reasonably discern just what he has been accused of doing or what alleged real or personal property of the debtor is in whose hands.  Hence, in federal courts, pleaders must take more care to specify facts before they can launch a costly foray into discovery on fishing expeditions.

The choice to lump the Defendants together has rendered every aspect of the Complaint defective and subject to dismissal under Rules 12(b)(6) and Rule 8.  More to the legal point, the Fraudulent Conveyance claim is defective for such a reason. Under Federal Rule of Civil Procedure 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria:

    1. It must assert a plausible claim; and
    2. It must set forth sufficient factual allegations to support the claim.

Ashcroft v. Iqbal, 556 U.S. 662 (2009), 129 S. Ct. at 1949-50 (citing *Bell Atlantic v. Twombly*, 550 U.S. 554 (2007). In Twombly, the Supreme Court squarely rejected the Rule 12(b)(6) standard set forth under *Conley v. Gibson* 355 U.S. 41, 45-46

(1957). Twombly, 550 U.S. at 560-61. Pleadings are no longer satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation." Iqbal, 129 S. Ct. at 1949 (citing *Twombly* 550 U.S. at 555). Now, neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. Id.

To satisfy the standard under Twombly and Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. Id. (citing *Twombly*, 550 U.S. at 556). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, at 1950. Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." Id. Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." Id. at 1951.

Under this standard Count I fails under Rule 8 because Defendants failed to identify any actual bad acts made by Movants which are in turn suable in this federal court via this proceeding.   See, e.g., Foxworthy, Inc. v. CMG Life Servs., Inc., No.

1:11-cv-2682, 2012 WL 1269127, at *6 (N.D. Ga. Apr. 16, 2012) (applying Rule (b) but alternatively dismissing plaintiff's negligent misrepresentation claim under Rule 8 for failure to give defendants "fair notice of the [p]laintiff's claim and the grounds upon which it rests") (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555))).

The Eleventh Circuit addressed Iqbal and Twombly in American Dental Ass'n v. Cigna Corp., 605 F. 3d 1283 (11th Cir. 2010). The court at 1290 of that case reviewed the steps in evaluating a motion to dismiss:

> 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

The conclusions leap off the pages of the proposed Second Amended Complaint. In paragraph 49, the Plaintiff alleges:

> As the financial condition of Scales began to decline, Scales was unable to pay its obligations, including the Landlord and its employees. Nevertheless, upon information and belief, Harris, Hughes, Morgan, Evans and Neal continued to pay themselves and to take profits.

No facts are plead of WHAT profits were distributed to WHOM, or on WHAT DATE, or HOW those were "fraudulent" within the meaning of Georgia law. In the actual Count I for Fraudulent Conveyance, Plaintiff alleges:

13

> Defendant Scales 925 made preferential payments to and transfers of real and personal property to the other Defendants to this action for the purpose of defrauding Plaintiff and hindering and delaying the collection of the judgment.

The Plaintiff does not identify any "real property," nor does Plaintiff specify what "personal property" was "transferred," to WHOM it was transferred, or WHEN it was transferred. These are the paradigms of conclusions, and the precise kind of allegations that the Supreme Court made clear do not cut the pleading mustard. An allegation that "the debtor made fraudulent transfers of funds to defendants" is a conclusion. An allegation that "the debtor transferred title to a 2016 Lexus automobile, VIN [xyz] on February 3, 2016 to Defendant X, without receiving any value in return, two days after Plaintiff's lawsuit was served upon it," would be an allegation of fact.

The method of "lumping" together the Defendants <u>specifically</u> violates the rules of pleading in this circuit. Where multiple parties are involved, a complaint must "contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient." <u>West Coast Roofing & Waterproofing, Inc.</u>, 287 F. App'x 81, 86 (11th Cir. July 24, 2008) (citation omitted).

In sum,

- Count I for "Fraudulent Conveyance" is really a claim for piercing the veil in disguise and thus barred by <u>Peacock</u>, and Count I would be subject to dismissal under <u>Twombly</u> and <u>Iqbal</u> in any event;
- Count II states no claim against these Defendants; and
- Count III for "Piercing the Corporate Veil" is barred by <u>Peacock</u> because it seeks to impose liability upon Movants in a supplemental proceeding where no federal cause of action supplies the jurisdictional linchpin.

Respectfully submitted, this 18th day of September, 2017.

<u>s/Albert A. Chapar, Jr.</u>
Albert A. Chapar, Jr.
Georgia Bar No. 120940

Attorney for Clifford Joseph Harris, Jr. and the Royal Group

917 Railroad Street
Conyers, Georgia 30012
(770) 483-4115
Telecopy (678) 750-0250
achapar@chaparlaw.com

## **CERTIFICATE OF COUNSEL**

I hereby certify that this brief has been prepared using the font, Times New Roman, in 14 pt. type, as allowed under L.R. 5.1B.

THE CHAPAR FIRM, LLC

s/Albert A. Chapar, Jr.
Albert A. Chapar, Jr.
Georgia Bar No. 120940

917 Railroad Street
Conyers, GA 30012
(770) 483-4115
Telecopy (670) 750-0250
achapar@chaparlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANTS CLIFFORD JOSEPH HARRIS AND THE ROYAL GROUP'S REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE COMPLAINT AGAINST CLIFFORD JOSEPH HARRIS, JR. AND THE ROYAL GROUP DUE TO LACK OF SUBJECT MATTER JURISDICTION** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Christopher D. Vaughn, Esq.
Frank DeMelfi, Esq.
A. Brian Henson, Esq.
The Vaughn Law Firm, LLC
246 Sycamore Street, Suite 150
Decatur, Georgia 30030
cvaughn@thevaughnlawfirm.com
fdemelfi@thevaughnlawfirm.com
bhenson@thevaughnlawfirm.com

Dierdre M. Stephens-Johnson
Crowther Law Firm
1230 Peachtree Street, Suite 3750
Atlanta, Georgia 30304
dsjohnsonlaw@gmail.com

Respectfully submitted, this 18th day of September, 2017.

THE CHAPAR FIRM, LLC

s/Albert A. Chapar, Jr.
Albert A. Chapar, Jr.
Georgia Bar No. 120940

Attorney for Clifford Joseph Harris, Jr. and the Royal Group

917 Railroad Street
Conyers, Georgia 30012
(770) 483-4115
Telecopy (678) 750-0250
achapar@chaparlaw.com